NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 10 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LINA MARIA GOMEZ PARRA,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No.    20-72685

Agency No. A201-744-638

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 23, 2026
Pasadena, California

Before:  FRIEDLAND, FORREST, and DESAI, Circuit Judges.

Lina Maria Gomez Parra petitions for review of a Board of Immigration
Appeals ("BIA") decision dismissing her appeal of an immigration judge's ("IJ")
denial of her applications for asylum, withholding of removal, and protection under
the Convention Against Torture ("CAT"). She also challenges the BIA's holding
that the IJ did not deprive her of the right to counsel based on its conclusions that

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

(1) Gomez Parra waived her right to counsel and (2) "no additional continuances to obtain counsel were warranted" because Gomez Parra "was provided adequate time to find an attorney and to prepare her case." We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review an "IJ's decision not to continue a hearing" for an abuse of discretion. *Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019). The denial of a continuance is an abuse of discretion when it is "tantamount to denial of counsel," *Biwot v. Gonzales*, 403 F.3d 1094, 1100 (9th Cir. 2005), and we review de novo a petitioner's claim that the IJ deprived her of the right to counsel, *see, e.g.*, *Colindres-Aguilar v. I.N.S.*, 819 F.2d 259, 261 (9th Cir. 1987). We review the agency's denial of asylum, withholding of removal, and CAT protection for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Because the BIA cited *Matter of Burbano* and also provided its own analysis in this case, we review both the BIA and IJ's decisions." *Posos-Sanchez v. Garland*, 3 F.4th 1176, 1182 (9th Cir. 2021); *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994).

1. The IJ did not deprive Gomez Parra of her right to counsel. For a noncitizen to proceed without counsel in removal proceedings, the IJ must: (1) confirm that the noncitizen knowingly and voluntarily waived her right to counsel, *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004); or (2) give the noncitizen "reasonable time to locate counsel and permit counsel to prepare for the

hearing," *Arrey*, 916 F.3d at 1158 (citation modified). At the initial hearing, Gomez Parra knowingly and voluntarily waived her right to counsel, but she revoked that waiver at her final hearing when she suggested that she secured pro bono counsel but needed more time for her counsel to appear. Even though Gomez Parra revoked her waiver, the IJ did not deprive her of the right to counsel by declining to grant a continuance. The IJ advised Gomez Parra about her right to counsel and gave her information about pro bono service providers at the initial hearing, Gomez Parra had eight months to secure counsel if she wanted representation at her merits hearing, and the IJ continued the case multiple times to give Gomez Parra more time to prepare. The IJ also warned Gomez Parra at multiple hearings that she "need[ed] to come to Court ready to present [her] case" and that the IJ could not "continue the case any further." The IJ thus gave Gomez Parra "reasonable time to locate counsel and permit counsel to prepare for the hearing." *Id.* (citation modified).

2.      Gomez Parra's briefs did not address the IJ's and BIA's conclusion that she did not show that the Colombian government is "unable or unwilling" to protect her from persecution, which is dispositive of her asylum and withholding claims. *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005). She thus forfeited her asylum and withholding claims by failing to "specifically and distinctly" raise this dispositive issue in her briefs. *See id.* (citation modified).

3.      Substantial evidence supports the agency's denial of CAT relief. The

record does not compel the conclusion that Gomez Parra will likely face torture with government acquiescence if she returns to Colombia. She argues that the man she fears will torture her "could potentially have connections" to the government, but she relies only on "[g]eneralized evidence" that some Colombian government officials collaborate with criminals. *B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022). This evidence is "insufficient to establish that anyone in the government would acquiesce" to the torture that Gomez Parra fears. *Id.*

The petition is **DENIED**.[1]

---

[1] The temporary administrative stay is lifted and the motion to stay removal, Dkt. 1, is denied.

4